**HILL v. RING CONST. CO. et al.**

No. 8766.

District Court, W. D. Missouri, W. D.

May 21, 1937.

S. L. Trusty and E. H. Gamble, both of Kansas City, Mo., for plaintiff.

Claude A. Ferguson, James F. Walsh, and Sam D. Parker (of Lathrop, Crane, Reynolds, Sawyer & Mersereau), all of Kansas City, Mo., for defendants.

OTIS, District Judge.

This memorandum concerns only counts 2 and 3 of the petition in this case. The whole case was tried to a jury but when, at the close of the trial, it appeared that the only disputed issue as to counts 2 and 3 was an issue of law, those counts, by stipulation of the parties, were submitted to the court.

Defendant had a contract with the United States for the construction of a post office building on a site in Kansas City which the United States had acquired by purchase. Plaintiff was a subcontractor. Count 2 concerns a contract between plaintiff and defendant for certain earth excavation to be done by plaintiff for defendant. Count 3 concerns a similar contract. Each contract provided for compensation to plaintiff at a stipulated amount per cubic yard of earth excavated. There is no dispute but that plaintiff did the work. There is no dispute as to the number of cubic yards (i. e., *standard* cubic yards) of earth excavated.

The court finds the facts to be (a) that the plaintiff did the excavation work (pier hole excavation) alleged in Counts 2 and 3 to have been done by him; (b) that the work was done pursuant to and under a contract entered into between plaintiff and defendant on a post office site previously acquired by the United States, that the contract was to be performed and was performed on that site; (c) that if the excavation done is measured at 27 cubic feet per cubic yard then plaintiff is entitled to be paid, at the rate fixed in the contract—as to Count 2, the sum of

$594.98, as to Count 3, the sum of $1,-742.88; (d) that if the excavation done is measured at 13½ cubic feet per cubic yard plaintiff is entitled to be paid, at the rate fixed in the contract—as to Count 2, the sum of $1,189.96, as to Count 3, the sum of $3,485.76; (e) plaintiff has been paid nothing.

Curiously enough, the only question in this case is whether *a* cubic yard is *a* cubic yard or is *two* cubic yards. That seemingly absurd question arises from a perfectly ridiculous Missouri statute (section 14494, R.S.Mo.1929 [Mo.St.Ann. § 14494, p. 8221]), which, as interpreted by the Supreme Court of Missouri (Webb-Kunze Const. Co. v. Gilsonite Const. Co., 281 Mo. 629, 220 S.W. 857), in effect provides that in making such excavation work as was done under the contracts involved in this case (pier hole excavation) 13½ cubic feet is a cubic yard. It is beyond controversy that if we were dealing with ordinary Missouri contracts to be performed in Missouri plaintiff's contention that he is entitled to double measurement would prevail.

It seems so unjust that the plaintiff should prevail (because it is reasonably certain the parties when contracting had no such non-sensical cubic yard in contemplation) that I confess I have struggled to escape the force of plaintiff's argument. I have flagellated my brain to discover some way of circumvention. Learned counsel for defendant have done their best to aid me but they have led me into an avenue which almost turns out to be a cul-de-sac.

 Counsel for defendant contend that the post office site where these contracts were made and performed was not (in a manner of speaking) in Missouri nor subject to its jurisdiction. They are right. Missouri had surrendered its jurisdiction, except in a particular not here significant. Sections 11072, 11073, R.S.Mo.1929 (Mo. St.Ann. §§ 11072, 11073, p. 4857). But the Missouri statute which, mirabile dictu, shrinks the cubic yard had been enacted before this post office site was purchased and before jurisdiction over it was surrendered. That site did not become, at the moment title passed to the United States, a lawless land. The laws of Missouri were acquired (and continued to be binding) with the acquisition of the site, *unless inconsistent with national laws.*

Chicago, etc., R. Co. v. McGlinn, 114 U.S. 542, 5 S.Ct. 1005, 29 L.Ed. 270.

Defendant's last hope must find its sole support in the concluding phrase of the next preceding paragraph, "unless inconsistent with national laws." Was there not some national law defining "a cubic yard" which, on the acquisition of this post office site, became its law, being inconsistent with the Missouri statute? I have found no federal statute and none has been cited by counsel. But (this is the escape from what seemed a cul-de-sac) there is, in a sense at least, a national common law (Western Union Tel. Co. v. Call Publishing Co., 181 U.S. 92, 21 S.Ct. 561, 45 L.Ed. 765)—the old common law. At common law two added to two were always four and a cubic yard was a cubic yard. That is the law which governs contracts made and to be performed on territory (such as this post office site) subject to the exclusive jurisdiction of the United States. (To this declaration of law plaintiff is allowed an exception.)

Judgment for plaintiff as to count 1 in the amount of $594.98, as to count 2 in the amount of $1,742.88.

No assessment of costs will be made as to these counts.